**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:24-cr-0022 |
| | ) |
| **OMAILY SANCHEZ TAVERAS,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

    **BEFORE THE COURT** is the Government's unopposed Amended Motion to Continue Trial. (ECF No. 21.) For the reasons stated herein, the Court will continue the trial in this matter until January 13, 2025. The Court finds that the time beginning from the date of this Order through January 13, 2025, shall be excluded in computing the time within which the trial in this matter must be initiated.

    On October 15, 2024, the Government filed a Criminal Complaint charging Omaily Sanchez Taveras ("Taveras") with alien smuggling in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). On October 18, 2024, the Government filed an Information charging Taveras with ten counts of transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Taveras was arraigned on October 23, 2024.

    The Government seeks a continuance of the jury trial scheduled for December 9, 2024 to January 13, 2025, or later, because its key witness, agent Daniel Rethlake, notified the Government that he will be out of the territory on an unscheduled emergency medical leave beginning November 23, 2024, and continuing through January 2, 2025. Moreover, the Government's counsel has approved leave and will not return to the territory until January 8, 2025.

    While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on

the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. L.*, 526 F. Supp. 2d 513, 517 (E.D. Pa. 2007) (finding that "the Court properly excluded time based on the unavailability of an essential witness, § 3161(h)(3)(A)"); *United States v. Stallings*, 701 F. App'x 164, 170–71 (3d Cir. 2017) (affirming the court's ends of justice continuance where "the prosecutor had a sudden family emergency in late November, requiring out-of-state travel with no certain return date, and another multi-defendant trial scheduled for mid-January").

The Court finds that the ends of justice served by extending the period in which the trial must begin in this matter outweigh the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary due to the unavailability of the Government's essential witness and to accommodate the schedule conflict of the Government's counsel under the circumstances of this case. The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through January 13, 2025, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the Government's Amended Motion to Continue Trial, ECF No. 21, is **GRANTED**; it is further

**ORDERED** that the parties **SHALL** file their respective notices of readiness for trial no later than December 30, 2024; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than January 3, 2025, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; (e) proposed non-standard jury instructions related to the elements of the charges and defenses; and (f) whether there are any discovery issues outstanding; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than January 9, 2025;[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for December 9, 2024, are **CONTINUED** to commence promptly at 9:00 A.M. on January 13, 2025, in St. Thomas Courtroom 1.

**Dated:** December 2, 2024              */s/ Robert A. Molloy*
                                         **ROBERT A. MOLLOY**
                                         **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.